## PEOPLE OF THE TERRITORY OF GUAM

v.

## LUIS DELA ROSA SANTOS, Defendant

Criminal No. 86F-79
Superior Court of Guam
August 20, 1980

- - - - -

- - - - -

ABBATE, Judge

### DECISION AND ORDER

Defendant's motion for new trial came on for hearing before this Court on August 13, 1980. Defendant was represented by Daniel Del Priori, Esquire, and the People were represented by D. Paul Vernier, Assistant Attorney General. This decision is based on the pleadings before the Court, the

transcript of the trial, the Court's observations during the trial, the memorandum of points and authorities filed by counsel, and the oral arguments made at the hearing.

The Court has weighed the evidence and has determined that it was sufficient to justify the verdict. "While it is the exclusive province of the jury to find the facts, it is the duty of the trial court to see that this function is intelligently and justly performed, and in the exercise of its supervisory power over the verdict, the Court, on motion for a new trial, should consider the probative force of the evidence and satisfy itself that the evidence as a whole is sufficient to sustain the verdict. It has been stated that a defendant is entitled to two decisions on the evidence, one by the jury and the other by the Court on motion for new trial. This does not mean, however, that the Court should disregard the verdict or that it should decide what result it would have reached if the case had been tried without a jury, but instead that it should consider the proper weight to be accorded to the evidence and then decide whether or not in its opinion, there is sufficient credible evidence to support the verdict" [Cites omitted] People v. Robarge (1953) 41 C2d 628, 633. The Court finds that the jury's verdict was not contrary to the evidence.

Defendant's second contention is that the prosecution engaged in prejudicial conduct. The Court, after carefully reviewing the record, finds no conduct that would be grounds for a new trial. Defense counsel argues that the prosecution argued to the jury that defendant was guilty of practicing law without a license. The Court cannot find a reference to the defendant being guilty of this act. The prosecutor did argue that defendant was practicing law without a license, but he did not use the word "guilty." The Court finds that an inference could be made from the facts presented to the jury that would support this conclusion as part of an argument to support a showing of deception. This was not prejudicial misconduct.
"The right of counsel to discuss the merits of case, both as to the law and facts, is very wide, and he has the right to state fully his views as to what the evidence shows, and as to the conclusions to be fairly drawn therefrom. The adverse party cannot complain if the reasoning be faulty and the deductions illogical, as such matters are ultimately for consideration of the jury. In the argument before the jury, any reasonable inference may be drawn from the evidence, and it is a matter within the discretion of the trial court to determine whether counsel stays within the permissible range of discussion." People v. Beivelman, (1968) 70 C.2d 60, 76-77.

107

Defendant's argument as to the marital privilege is incorrect. The new Rules of Evidence have done away with the rule that neither spouse could testify for or against the other without the consent of both. Under the old rule it was improper to comment on defendant spouse's failure to testify, for the defendant could not compel his spouse to testify either for or against him. Under the new Rules of Evidence, a defendant's spouse has no privilege to prevent his spouse from testifying, and comment on her testifying against defendant husband does not, therefore, constitute comment on the exercise of a privilege that defendant has or on his failure to call a witness that he cannot compel to testify on his behalf. Since defendant's failure to call his spouse was a failure to call a material and important witness, his not doing so could be considered by the jury and commented upon by the prosecuting attorney." [Cites Omitted] People v. Coleman, (1969) 71 C2d 1159, 1167.

As to defendant's argument that the prosecution committed error by using a suppressed prior statement for impeachment purpose, the Court ruled already during the trial that this use was proper under Harris v. New York, (1971) 401 US 222, 91 S.Ct. 643. The Court reaffirms that ruling here.

Defense counsel's final argument is that the prosecution indulged in prejudicial misconduct through racially prejudiced remarks. The Court finds this allegation totally unfounded. The record shows that if anything, the prosecution was speaking against any racial prejudice being held against the victim because of his nationality. There was clearly no attack on any person based on racial or national backgrounds.

For all of the above-stated reasons, the Court DENIES defendant's Motion for a New Trial.

IT IS SO ORDERED.